IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEVIN T. AUBART, | ) | CIVIL 17-00611 LEK-KJM |
| Plaintiff, | ) | |
| vs. | ) | |
| HONORABLE MARK T. ESPER, SECRETARY OF THE ARMY, | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

On March 13, 2018, Defendant the Honorable Mark T. Esper, Secretary of the Army, in his official capacity ("Defendant"), filed his Motion to Dismiss, or in the Alternative, for Summary Judgment ("Defendant's Motion"). [Dkt. no. 9.] Pro se plaintiff Kevin T. Aubart ("Plaintiff") did not file a memorandum in opposition to Defendant's Motion. On April 30, 2018, Defendant filed his reply. [Dkt. no. 20.]

On March 18, 2018, Plaintiff filed his Motion for Summary Judgment ("Plaintiff's Motion").[1] [Dkt. no. 13.] On April 23, 2018, Defendant filed a memorandum in opposition, and Plaintiff filed his reply on May 6, 2018. [Dkt. nos. 19, 21.] The Motions came on for hearing on May 14, 2018. At the hearing, Plaintiff's Motion was denied without prejudice because Plaintiff

---

[1] Defendant's Motion and Plaintiff's Motion will be referred to collectively as the "Motions."

had not filed a concise statement of facts. [Minutes, filed 5/14/18 (dkt. no. 22).] Defendant's Motion is hereby granted in part insofar as the Complaint is dismissed and denied in part insofar as the dismissal is without prejudice and the motion for summary judgment is not reached. Plaintiff's Motion is construed as his opposition to Defendant's Motion. To the extent Plaintiff's Motion seeks an affirmative ruling on his claims, it is hereby denied without prejudice.

## **BACKGROUND**

Plaintiff filed his Complaint on December 28, 2017. [Dkt. no. 1.] Plaintiff alleges federal question jurisdiction. [Id. at ¶ 4.] Plaintiff is a full-time, civilian Department of the Army employee assigned to the Regional Cyber Center - Pacific ("RCCP"), in Fort Shafer, Hawai`i. [Id. at ¶ 1.]

On February 2, 2017, Lieutenant Colonel Christopher M. Siegrist ("LTC Siegrist") issued to Plaintiff and others a memorandum with the subject: "Temporary Duty Relocation" ("2/2/17 Memorandum"). [Def.'s Concise Statement of Facts in Supp. of Def.'s Motion ("Def.'s CSOF"), filed 3/13/18 (dkt. no. 10), Decl. of LTC Christopher Siegrist ("Siegrist Decl."), Exh. 1 at 1.[2]] The 2/2/17 Memorandum stated, in part:

---

[2] On the district court's electronic filing system, Exhibit 1 contains multiple documents and is not consecutively paginated. All citations to the documents within Exhibit 1 refer to the page numbers assigned by this district court's electronic filing system.

2

> 1. This memorandum is to inform you of a temporary change in your duty station from the Regional Cyber Center Pacific (RCC-P), Fort Shafter, Hawaii to BLDG 1500 Schofield Barracks effective February 18, 2017.
>
> 2. The RCC-P will undergo major renovations within the office and building. As a result, you will be temporarily reassigned to BLDG 1500 Schofield Barracks, where you will continue to perform the same essential job functions that you now perform. We anticipate the completion in 14 weeks and will provide you sufficient notice in returning to Fort Shafter.

[Id.]

LTC Siegrist allegedly "ordered Plaintiff to drive his [personally owned vehicle ('POV')] to an alternate work site for official government business, beyond Plaintiff's normal commute, from February 26 through November 14, 2017," and refused to provide mileage reimbursement for the additional commuting expense. [Complaint at ¶ 8.] On April 26, 2017, LTC Siegrist emailed Plaintiff and others and stated that requests for reimbursement for the additional commuting distance to Schofield Barracks would be denied ("4/26/17 Email"). [Siegrist Decl., Exh. 1 at 6.] LTC Siegrist explained: "As of now, the legal determination is that DA Civilians and Soldiers are not authorized mileage costs. Based on this legal determination, all submitted requests will be denied; It [sic] is not within my authority to grant approvals." [Id.] Plaintiff asserts the refusal to provide reimbursement was wrongful under 5 U.S.C.

3

§ 5704; 41 C.F.R. §§ 301-2.2, 301-10.1, 301-10.300; and the applicable Joint Travel Regulations ("JTR") regarding local travel. [Complaint at ¶ 8.] Plaintiff seeks compensation for his travel expenses, and appears to seek an injunction and unspecified equitable relief. [Id. at ¶ 9 & Prayer for Relief.]

The instant Motion seeks dismissal of the Complaint with prejudice. In the alternative, Defendant seeks summary judgment on the grounds that Plaintiff's travel to Schofield Barracks was his commute to his permanent duty station. Defendant contends Plaintiff's reimbursement request was properly denied because he sought reimbursement for personal business, not official business.

**DISCUSSION**

**I. Jurisdiction**

Defendant states that, "[w]hile not explicitly mentioned in Plaintiff's complaint, Defendant will assume this court has jurisdiction under the 'Little Tucker Act,'" 28 U.S.C. § 1346(a)(2). [Mem. in Supp. of Def.'s Motion at 7.] District "court[s have] an independent duty to address jurisdiction . . . 'even when [jurisdictional defects are] not otherwise suggested.'" Yamada v. Kuramoto, 744 F. Supp. 2d 1075, 1080 (D. Hawai`i 2010) (some citations omitted) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)).

4

The Ninth Circuit has "read the Tucker Act and the Littler Tucker Act together to provide for jurisdiction **solely** in the Court of Federal Claims for Tucker Act claims seeking more than $10,000 in damages, and concurrent district court jurisdiction over claims seeking $10,000 or less." Tritz v. United States Postal Serv., 721 F.3d 1133, 1137 (9th Cir. 2013) (footnote, citation, and internal quotation marks omitted). The Little Tucker Act allows United States district courts to exercise jurisdiction over "claim[s] against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States . . . ."  § 1346(a)(2).

> [T]he Tucker Act does not create any substantive right enforceable against the United States for money damages, but merely confers jurisdiction when such a right is conferred elsewhere. When the source of such alleged right is a statute, it can only support jurisdiction if it qualifies, as most statutes do not, as money-mandating.

Corrigan v. United States, 694 F. App'x 798, 801 (Fed. Cir. 2017) (internal citations and quotation marks omitted). The Federal Travel Regulations ("FTR"), 41 C.F.R. Chapter 300, are money-mandating and support Tucker Act jurisdiction even where an employee asserts an unmeritorious claim for reimbursement of travel expenses. Corrigan, 694 F. App'x at 801-02; see also In Re Bohlinger, No. 15802-TRAV, 2002 WL 31122144 (G.S.B.C.A.

5

Sept. 24, 2002) (under the JTR, a Department of Defense employee traveling within the Washington, D.C., area to attend certain trainings was "entitled to be reimbursed for mileage that exceeded his normal commuting distance"); In Re Riley, No. 15392-TRAV, 2001 WL 43960 (G.S.B.C.A. Jan. 17, 2001) (interpreting the JTR as mandating mileage reimbursement for use of an employee's POV for a twenty-two mile local commute to an alternate duty site); In re Gailey, B-220110, 1985 WL 50823 (Comp. Gen. Dec. 17, 1985) (Under JTR, Army employee was "entitled to be paid mileage from his place of abode to his alternate duty point and return"). The instant Complaint relies on money-mandating provisions of the FTR and JTR regarding reimbursement of travel expenses. At the hearing on the Motions, the parties indicated Plaintiff's claim is for an amount less than $10,000. This Court is satisfied jurisdiction exists under the Little Tucker Act.

At the hearing on the Motions, Plaintiff appeared to criticize RCCP as making an error of law when it determined it lacked discretion to pay his mileage reimbursement claim. Although it is not clear, it is possible Plaintiff seeks: a declaratory judgment that applicable sources of law provided the agency discretion to approve his reimbursement request, and that the agency abused its discretion by erroneously concluding it lacked authority; and an injunction requiring the agency to

reconsider his reimbursement request.  Jurisdiction may be appropriate under the Administrative Procedure Act, to the extent Plaintiff seeks relief "other than money damages," 5 U.S.C. § 702.  See Matsuo v. United States, 416 F. Supp. 2d 982, 992-94 (D. Hawai`i 2006) (concluding federal employees' action for, *inter alia*, declaratory and injunctive relief supported jurisdiction under the Administration Procedure Act).  However, it is unclear what equitable relief, if any, Plaintiff seeks.  In light of the disposition of Defendant's Motion, and because an amended complaint may clarify the basis for the Court's jurisdiction, the Court need not reach whether jurisdiction is proper under the Administrative Procedure Act.

**II.  Consideration of Exhibits**

"[G]enerally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint."  See Daniels–Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).  "[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  Id. (citations and internal quotation marks omitted).  Ordinarily, consideration of other materials requires the district court to convert a motion to dismiss into a motion for summary judgment. Yamalov v. Bank of Am. Corp., CV. No.

10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011) (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998)).[3]

The 2/2/17 Memorandum and the 4/26/17 Email meet all of the requirements stated in Daniels-Hall. The Complaint refers to the documents, and they are central to Plaintiff's claim that he was ordered to travel farther than his normal commute and wrongfully denied reimbursement. No party questions the authenticity of the 2/2/17 Memorandum and 4/26/17 Email. These documents therefore be considered without converting Defendant's Motion into a motion for summary judgment. The Court has not considered any portion of Defendant's CSOF aside from the 2/2/17 Memorandum and the 4/26/17 Email.

### III. **Defendant's Motion Is Not Unopposed**

Defendant argues that, because Plaintiff failed to file a memorandum in opposition, Defendant's Motion should be granted. [Reply in Supp. of Def.'s Motion at 2.] Plaintiff is appearing pro se and the Court liberally construes his pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L.

---

[3] Parrino was superseded by statute on other grounds, as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681-82 (9th Cir. 2006) (per curiam).

8

Ed. 2d 551 (1982) (per curiam))). The Court notes that Plaintiff's Motion responds to and opposes Defendant's Motion and therefore liberally construes it as a memorandum in opposition to Defendant's Motion.

**IV. Whether Plaintiff Plausibly Alleges Travel to a Temporary Duty Location**

At the hearing on the Motions, the parties disputed whether Schofield Barracks should be considered a permanent duty station ("PDS") or a temporary duty location ("TDY"), also called an alternate work site or alternate duty point. This Court liberally construes the Complaint as alleging the 2/2/17 Memorandum ordered Plaintiff to report to Schofield Barracks, which was a TDY.

Plaintiff's entitlement to relief requires, at least, that his travel to Schofield Barracks was travel to a TDY. "It is well settled that an employee [commuting to his PDS] is performing personal business, not official business," and therefore "the transportation costs that the employee incurs while commuting" are not reimburseable. In re Conforti, 828-TRAV, 2007 WL 3055016 (C.B.C.A. Oct. 3, 2007) (citing Freddie G. Fenton, GSBCA 13638-TRAV, 97-1 BCA ¶ 28,712 (1996)).[4] If Schofield Barracks were his PDS, Plaintiff's travel to and from

---

[4] Fenton is also available at 1996 WL 528818.

9

there would constitute his ordinary commute. Any additional mileage or costs incurred would therefore not be reimburseable.

In order to qualify as an employee's PDS, certain factors must be present. In Conforti, an employee sought reimbursement for local mileage expenses after he was ordered to report to Herndon, Virginia, which is twenty-two miles from his former office in Washington, D.C., and his commute consequently increased from 3.5 miles to 21.5 miles. Id. The Civilian Board of Contract Appeals ("CBCA") stated:

> An agency has discretion to determine how to treat an assignment, i.e., a permanent change of duty station or a temporary duty assignment. Whether assignment to a particular station is temporary or permanent is a question of fact to be determined from the orders directing the assignment, the duration of the assignment, and the nature of the duties performed. Another factor to consider is the location where an employee expects, and is expected, to spend the greater part of his time.

Id. (internal citation omitted). Here, Plaintiff simply alleges his travel to Schofield Barracks was travel to a TDY. Plaintiff's pro se status does not require this Court to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a

legal conclusion couched as a factual allegation" (internal quotation marks omitted))).

In order to allege a claim for relief, Plaintiff must plausibly allege his travel to Schofield Barracks was travel to a TDY. To survive a motion to dismiss, at a minimum, Plaintiff must have "plead[ed] factual content that allows the court to draw the reasonable inference that" Schofield Barracks was Plaintiff's TDY. See id. (citation omitted). The Complaint fails to do so. Because Plaintiff alleges only the bare conclusion that his travel was to a TDY, the Complaint must be dismissed.

At the hearing on the Motions, Plaintiff indicated he could allege facts sufficient to plausibly allege his travel to Schofield Barracks was travel to a TDY. Because it is not absolutely clear that no amendment can cure the identified defects, the Complaint is dismissed without prejudice. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

This Court CAUTIONS Plaintiff that, if he files an amended complaint, he must allege sufficient facts to allow the Court, guided by the factors identified in Conforti, to draw the

11

reasonable inference that his travel to Schofield Barracks was travel to a TDY.

Further, if Plaintiff files an amended complaint, it must state all of the claims that he is making and it must contain all of the facts, all of the legal theories, and all of the exhibits that his claims rely upon.  Plaintiff cannot rely upon or incorporate by reference any portion of any of his original Complaint.

This Court ORDERS Plaintiff to file his amended complaint by **September 28, 2018**.  This Court CAUTIONS Plaintiff that, if he fails to file his amended complaint by **September 28, 2018,** all of the claims that this Court dismissed without prejudice in this Order will be dismissed with prejudice, and this Court will direct the Clerk's Office to issue the final judgment and close the case.  In other words, Plaintiff would have no remaining claims in this case.  This Court also CAUTIONS Plaintiff that, as to any claim that was dismissed without prejudice, if the amended complaint fails to cure the defects identified in this Order, the claim may be dismissed with prejudice.

## **CONCLUSION**

On the basis of the foregoing, Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, filed March 13, 2018, is HEREBY GRANTED IN PART AND DENIED IN PART.

Defendant's Motion is GRANTED insofar as the Complaint is DISMISSED.  Defendant's Motion is DENIED insofar as the dismissal is WITHOUT PREJUDICE and the motion for summary judgment is not reached.  Plaintiff must file his amended complaint, consistent with the terms of this Order, by no later than **September 28, 2018.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 30, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KEVIN AUBART VS. MARK T. ESPER, ETC.; CV 17-00611 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**