IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEVIN T. AUBART, | ) | CIVIL 17-00611 LEK-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HONORABLE MARK T. ESPER, | ) | |
| SECRETARY OF THE ARMY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS**

On October 1, 2018, Defendant the Honorable Mark T. Esper, Secretary of the Army, in his official capacity ("Defendant"), filed his Motion to Dismiss Plaintiff's Amended Complaint ("Motion"). [Dkt. no. 37.] Pro se Plaintiff Kevin T. Aubart ("Plaintiff") filed his memorandum in opposition on October 30, 2018, and Defendant filed his reply on November 16, 2018. [Dkt. nos. 44, 47.] On November 24, 2018, Plaintiff filed a supplement to his memorandum in opposition ("Supplemental Memorandum"). [Dkt. no. 50.[1]] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").

---

[1] See EO: Court Order Construing Plaintiff's November 24, 2018 Filing as a Supplement to His Memorandum in Opposition, Filed October 30, 2018, filed 12/4/18 (dkt. no. 51).

Defendant's Motion is hereby granted in part and denied in part for the reasons set forth below.

**BACKGROUND**

Plaintiff filed his original Complaint in this matter on December 28, 2017. [Dkt. no. 1.] On March 13, 2018, Defendant filed his motion to dismiss the Complaint, or in the alternative, for summary judgment. [Dkt. no. 9.] On August 30, 2018, this Court issued an order granting in part and denying in part Defendant's motion to dismiss, and granting Plaintiff leave to file an amended complaint ("8/30/18 Order"). [Dkt. no. 33.[2]] The relevant factual background is set forth in the 8/30/18 Order and will not be repeated here. In the 8/30/18 Order, the Court identified the deficiencies in Plaintiff's original Complaint and cautioned Plaintiff that, if he chose to file an amended complaint, he must "allege sufficient facts to allow the Court, guided by the factors identified in [In re] Conforti[, 828-TRAV, 2007 WL 3055016 (C.B.C.A. Oct. 3, 2007),] to draw the reasonable inference that his travel to Schofield Barracks was travel to a [temporary duty location]." [8/30/18 Order at 11-12.]

Plaintiff filed his Amended Complaint on September 16, 2018. [Dkt. no. 36.] In the Amended Complaint, Plaintiff again

---

[2] The 8/30/18 Order is also available at 2018 WL 4168997.

alleges that, on February 2, 2017,[3] Lieutenant Colonel Christopher Siegrist ("LTC Siegrist") ordered Plaintiff to drive his personally owned vehicle ("POV") to Building 1500 on Schofield Barracks to perform Plaintiff's official duties, while Plaintiff's work location at Fort Shafter was being renovated. [Amended Complaint at pg. 2, ¶¶ 4-5.] The anticipated amount of time Plaintiff was expected to report to Schofield Barracks was approximately fourteen weeks. Plaintiff alleges Fort Shafter is his "fixed, permanent work location" where his employment records are kept, and where he regularly performs his duties. [Id. at pg. 2, ¶ 3.]

Plaintiff and other Regional Cyber Center - Pacific ("RCCP") employees commuted to Schofield Barracks from February 26, 2017 through November 14, 2017. In April 2017, Plaintiff requested a partial reimbursement for mileage incurred beyond his normal commuting distance, which Defendant allegedly denied. [Id. at pg. 2., ¶ 6.] Plaintiff alleges that, on June 2, 2017, Defendant "filed a 'RCCP Director's Declaration' with the [Civilian Board of Contract Appeals ("CBCA")]"; the RCCP Director's Declaration stated in pertinent part that Plaintiff's

---

[3] Plaintiff's Amended Complaint alleges the date of LTC Siegrist's signed memorandum is "February 2, 2018"; however, Plaintiff cites to Exhibit A to the Amended Complaint, which is a memorandum digitally signed by LTC Siegrist dated February 2, 2017. [Amended Complaint, Exh. A (Department of the Army memorandum regarding Temporary Duty Relocation, dated 2/2/17 ("2/2/17 Memorandum")).]

3

"official duty station would be changed for a period of approximately fourteen weeks and that their new duty station would be located at Building 1500 on Schofield Barracks." [Id. at pg. 3, ¶ 7, Exh. B (Decl. of LTC Christopher Siegrist ("LTC Siegrist Decl."), at ¶ 3.]

Plaintiff also alleges all of his Standard Form 50 documents, prior to and after his assignment at Schofield Barracks, indicated Fort Shafter was Plaintiff's "Official Station," and Plaintiff was never issued a "DD Form 1614 permanent travel order to Schofield [Barracks]." [Amended Complaint at 7-8.] Plaintiff alleges his travel to Schofield Barracks was within the local area of his permanent duty station ("PDS") at Fort Shafter, for government business and during official duty hours, and RCCP employees were never informed that their official duty stations would be changed, or that Schofield Barracks was their new duty station. Plaintiff alleges that, ordinarily, his commute from his residence to Fort Shafter is two miles, one way, while his commute from his residence to Schofield Barracks was twenty miles round trip. [Id. at pgs. 11-12.] Plaintiff also alleges Defendant filed the RCCP Director's Declaration four months after Plaintiff's work location changed, and after a complaint had been filed with the CBCA, to sway this

4

Court and the CBCA into believing a permanent change of station ("PCS") had occurred.[4] [Id. at pg. 21, ¶¶ 8-7.]

Plaintiff alleges Defendant was negligent pursuant to the Federal Tort Claims Act ("FTCA"), and seeks $50,000 in damages ("FTCA claim"). [Id. at pg. 22, ¶ 11 & pg. 23, Prayer for Relief at ¶ 4.] Plaintiff also seeks reimbursement of all travel expenses related to his commute to Schofield Barracks ("TDY Travel claim"), and all costs associated with the instant litigation. Plaintiff also appears to seek an injunction and other unspecified equitable relief. [Id. at pgs. 22-23, Prayer for Relief ¶¶ 1-5.] In the instant Motion, Defendant seeks dismissal with prejudice of the Amended Complaint based on: Plaintiff's failure to allege sufficient facts that would entitle Plaintiff to reimbursement of his travel expenses; and Plaintiff's failure to exhaust his administrative remedies before filing his FTCA claim.

## DISCUSSION

**I. Jurisdiction Over Plaintiff's FTCA Claim**

    **A. Exhaustion of Administrative Remedies**

This district court has stated:

> The United States, as a sovereign state, is immune from suit unless it specifically consents. United States v. Mitchell, 445 U.S. 535, 538 (1980); Reed v. U.S. Dep't of Interior, 231 F.3d

---

[4] Plaintiff alleges a PCS would indicate that the work duty was not temporary. [Amended Complaint at pg. 7.]

501, 504 (9th Cir. 2000). Any waiver of sovereign immunity must be unequivocally expressed. Block v. North Dakota, 461 U.S. 273, 287 (1983). When a statute waives sovereign immunity, the Court must strictly construe the statute in favor of the United States. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000). If there has not been an express waiver of sovereign immunity, then the Court lacks subject matter jurisdiction over the case and it must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Orff v. United States, 358 F.3d 1137, 1142 (9th Cir. 2004)[.]

The Federal Tort Claims Act ("FTCA") provides for a broad waiver of the United States' sovereign immunity. Schoenfeld v. Quamme, 492 F.3d 1016, 1019 (9th Cir. 2007). The FTCA manifests the United States' consent to be sued "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. The FTCA waives sovereign immunity for the negligence of "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

. . . .

The FTCA bars claimants from seeking damages against the United States in court until they have exhausted their administrative remedies. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993). A plaintiff's administrative remedy is exhausted pursuant to the FTCA if:

> (1) the agency has denied the claim in writing; or,
>
> (2) the agency has failed to issue a final disposition of the claim six months after it was filed.

28 U.S.C. § 2675(a); Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992).

If no such claim is presented to the appropriate federal agency within two years after

6

>     the claim accrues, a tort claim shall be forever
>     barred. 28 U.S.C. § 2401(b).
>
>     The Ninth Circuit Court of Appeals has made
>     clear that the FTCA exhaustion requirement is
>     jurisdictional and must be adhered to strictly.
>     <u>Vacek v. U.S. Postal Serv.</u>, 447 F.3d 1248, 1250
>     (9th Cir. 2006).

<u>Hensley v. United States</u>, No. Civ. 14-00472 HG-RLP, 2014 WL 7205492, at *3-5 (D. Hawai`i Dec. 16, 2014) (some alterations in <u>Hensley</u>) (footnote omitted).

The purpose of the rule is to provide the appropriate agency with notice of the claim so that it may begin to investigate the allegations, and respond either by settlement or defense. See <u>Broudy v. United States</u>, 722 F.2d 566, 568 (9th Cir. 1983). A complaint filed pursuant to the FTCA must allege facts demonstrating that the plaintiff has exhausted his administrative remedies. <u>Hoapili v. Enoki</u>, CIVIL NO. 17-00384 SOM-KJM, 2017 WL 4106074, at *1 (D. Hawai`i Sept. 12, 2017) (citing <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA . . . and, as such, should be affirmatively alleged in the complaint." (citation omitted)); <u>Moore v. United States</u>, 1988 WL 57696, at *2 (9th Cir. Sept. 28, 1988) (indicating that a plaintiff with an FTCA claim "must" allege exhaustion)). As to the extent of the underlying administrative proceeding, the Ninth Circuit stated the details of the administrative claim "need not

7

be extensive." Goodman v. United States, 298 F.3d 1048, 1055 (9th Cir. 2002). The claimant "need only file a brief notice or statement with the relevant federal agency containing a general description of the time, place, cause and general nature of the injury and the amount of compensation demanded." Id. (citations omitted).

Because Plaintiff is proceeding pro se, this Court must liberally construe the allegations of his Amended Complaint. See, e.g., Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))). However, even liberally construed, Plaintiff's Amended Complaint does not allege facts showing he has exhausted his administrative remedies as to his FTCA claim. Although Plaintiff alleges he filed a claim with the CBCA, the Court is not satisfied that this meets the exhaustion requirement under the FTCA.[5] According to the CBCA's ruling in the matter known as In the Matter of Kevin T.

---

[5] This Court has considered the CBCA Decision without converting the instant Motion into a motion to dismiss, where the authenticity of the CBCA Decision is not subject to reasonable dispute and is "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." See Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 999 (9th Cir. 2010) (citations omitted) (citing Fed. R. Evid. 201).

8

Aubart, 5718-TRAV, 2017 WL 4124347 (C.B.C.A. Sept. 11, 2017) ("CBCA Decision"), the CBCA only reviewed the "Army's refusal to provide [Plaintiff with] a voucher to claim mileage expenses for commuting to and from Schofield Barracks by car." 2017 WL 4124347, at *1. Plaintiff alleges his claim was then "denied because the CBCA deemed the assignment on Schofield Barracks to be Plaintiff's 'Official Station temporarily[,]'" and his request for panel review was also denied. [Amended Complaint at pg. 3, ¶ 8 (emphasis omitted).] This is not sufficient information to put the United States on notice of Plaintiff's tort claims, and does not satisfy Plaintiff's obligation to exhaust his administrative remedies. See, e.g., Dettling v. United States, 983 F. Supp. 2d 1184, 1197 (D. Hawai`i 2013) (ruling that the district court could not exercise subject matter jurisdiction over the plaintiff's FTCA claim where the underlying administrative claim was too ambiguous to provide sufficient notice to the government agency).

The Court therefore FINDS that Plaintiff has not sufficiently pled facts to demonstrate that he has met the exhaustion requirement under the FTCA, which is a "jurisdictional prerequisite" to filing an FTCA claim. See Gillespie, 629 F.2d at 640. Plaintiff's FTCA claim fails to state a plausible claim for relief because this Court does not have subjection matter jurisdiction over the claim. See Ashcroft v. Iqbal, 556 U.S.

9

662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007))).  Defendant's Motion is GRANTED insofar as Plaintiff's FTCA claim is DISMISSED.

**B.    Leave to Amend**

With regard to Defendant's request for dismissal with prejudice, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Plaintiff argues he submitted his complaints through his entire chain of command and unsuccessfully attempted to discuss a resolution with Assistant United States Attorney ("AUSA") Edric Ching.  [Suppl. Mem. at 5.[6]]  Defendant asserts Plaintiff has not filed any claim against the United States for which the Army has investigative responsibility.  See Motion, Decl. of Connie M. McConahy ("McConahy Decl."), at ¶¶ 1-2.[7]

---

[6] Plaintiff's Supplemental Memorandum does not have page numbers; therefore, all citations to the Supplemental Memorandum refer to the page numbers in the district court's electronic numbering system.

[7] Ms. McConahy is the Acting Chief, Operations and Records
(continued...)

Still, this does not foreclose the possibility that Plaintiff filed his claim with another agency, albeit erroneously. Under certain circumstances, other district courts have found that a claim filed with the wrong agency "may nevertheless be considered constructively filed with the appropriate agency." See Ortiz ex rel. Ortiz v. United States, No. CIV F 03-6451 AWI SMS, 2007 WL 404899, at *10 (E.D. Cal. Feb. 2, 2007). The Ninth Circuit has not addressed this issue; however, the Seventh and Eighth Circuits have held that a plaintiff's erroneous filing with the wrong agency may be excused if that agency fails to either transfer the claim to the appropriate agency, or return the claim to the claimant if transfer is not possible. See, e.g., Bukala v. United States, 854 F.2d 201 (7th Cir. 1988) (holding that plaintiff's claim was constructively filed even though she incorrectly filed her claim with the Equal Employment Opportunity Commission ("EEOC") who failed to forward it to the Veterans' Administration); Greene v.

---

⁷(...continued)
Branch for the United States Army Claims Service. [McConahy Decl. at ¶ 1.] The Court only considered the McConahy Declaration in its analysis of whether the dismissal is with prejudice or without prejudice; therefore, conversion of the Motion into a motion for summary judgment is not necessary. See Gomabon v. United States Postal Serv., CIVIL 17-00417 LEK-RLP, 2018 WL 1613770, at *3 n.3 (D. Hawai`i Mar. 30, 2018) (citations omitted) (noting that consideration of a declaration to determine whether dismissal should be with prejudice or without prejudice does not require conversion of a motion to dismiss to a motion for summary judgment).

United States, 872 F.2d 236 (8th Cir. 1989) (holding that plaintiff timely filed a personal injury claim against the Department of Labor because he filed his claim with the General Services Administration, who failed to forward it to the appropriate agency). Thus, even if Defendant is currently unaware of an administrative claim by Plaintiff against the United States, this does not foreclose the possibility that Plaintiff may have filed it elsewhere. Accordingly, the portion of Defendant's Motion seeking dismissal with prejudice is DENIED.[8]

Again, this Court CAUTIONS Plaintiff that, if he chooses to amend his complaint, he must allege sufficient facts that would permit the Court to draw the reasonable inference that Plaintiff has exhausted his administrative remedies prior to filing his FTCA claim with this Court, by filing an administrative claim that sufficiently put Defendant on notice in accordance with the factors in Goodman. If Plaintiff files a second amended complaint, it must state all of the claims that he is making and it must contain all of the facts, legal theories, and exhibits that his claims rely upon. Plaintiff cannot rely

---

[8] The Court declines to address Defendant's argument that, "[i]f Plaintiff is making a claim of misrepresentation, libel or slander, these claims are barred by the FTCA," [Mem. in Supp. of Motion at 14 n.5 (citing 28 U.S.C. § 2680(h)),] because it is not entirely clear whether Plaintiff's FTCA claim is based on other legal theories, in addition to negligence, and an amendment may serve to clarify the basis of his claim.

upon or incorporate by reference any portion of his original complaint or his Amended Complaint.

## II. **Plausibility of Plaintiff's TDY Travel Claim**

This Court previously instructed Plaintiff that, if he chose to amend his complaint, he must assert sufficient facts to plausibly allege that Plaintiff's travel to Schofield Barracks was travel to a temporary duty location ("TDY"), not a PDS. 8/30/18 Order at 11-12. Relying upon the guidance in <u>Conforti</u>, this Court identified certain factors that would ordinarily constitute either a PDS or a TDY. Such factors included "'[w]hether assignment to a particular station is temporary or permanent, . . . the duration of the assignment, and the nature of the duties performed.'" 8/30/18 Order at 10 (quoting <u>Conforti</u>). The Court also takes into consideration, that:

> The papers processed by an agency are not conclusive proof of an employee's official station of employment. <u>See</u> <u>Tracy Jones</u>, GSBCA 15659-TRAV, 02-1 BCA ¶ 31,687 (2001). A duty station is determined from the surrounding circumstances of an employee's hiring and work situation. <u>Robert L. Shotwell</u>, CBCA 1887-TRAV, 10-2 BCA ¶ 34,514; <u>Michael A. Stirber</u>, CBCA 1271-TRAV, 08-2 BCA 134,006. An important factor to be considered is the parties' expectations as to where the employee will spend the greater part of his time. <u>Id.</u>; <u>John P. DeLeo</u>, GSBCA 14042-TRAV, 97-2 BCA ¶ 29,156. How the agency and the employee treated the assignment at the time it was made is especially important. <u>Gerard R. Sladek</u>, GSBCA 14145-TRAV, 98-1 BCA ¶ 29,403 (1997).

<u>In the Matter of Jeffrey E. Koontz</u>, 3251-TRAV, 2013 WL 2283346 (C.B.C.A. May 17, 2013).

13

In the Amended Complaint, Plaintiff alleges his assignment to Schofield Barracks was temporary because he was initially informed his relocation would last fourteen weeks while Fort Shafter was being renovated. [Amended Complaint at pg. 2, ¶ 4.] Plaintiff also alleges it was always intended for Plaintiff to return to Fort Shafter. He points to an email from Craig Chang, the "Agency's Project Manager," issued on January 9, 2017, informing all RCCP management that all RCCP personnel would be temporarily relocated to Schofield Barracks during the renovation, but would return to Fort Shafter "in early May 2017." [Id. at pg. 5 (citing Amended Complaint, Exh. C (email from Mr. Chang dated 1/9/17 regarding relocation)).] Notwithstanding the initial fourteen-week projection, Plaintiff alleges his travel from his residence to Schofield Barracks ultimately lasted approximately eight months, or from February 26 through November 14, 2017. [Id. at pg. 2, ¶ 4.] After this period, Plaintiff alleges he did return to Fort Shafter. [Id. at pg. 19.] Plaintiff alleges the nature of his work at Schofield Barracks was the same as the work he performed at Fort Shafter. [Id.] Plaintiff also alleges LTC Siegrist prepared a declaration stating that he had notified RCCP employees that "their official duty stations would be changed" and that "their new duty station would be Schofield Barracks," but that this declaration was based on false information. [Id. at pgs. 14-15.]

In ruling upon the instant Motion, this Court must accept all of the factual allegations of the Amended Complaint as true, but it does not accept the legal conclusions pled within the factual allegations. See Iqbal, 556 U.S. at 678 (2009) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955 (2007))). So construed, and taking into account the factors identified in Conforti and Koontz, the Court is satisfied that Plaintiff's Amended Complaint states sufficient factual allegations to support a reasonable inference that Plaintiff's travel to Schofield Barracks was travel to a TDY. Accordingly, the portion of Defendant's Motion with regard to Plaintiff's claim for reimbursement for travel expenses to a TDY is DENIED. However, the denial of the Motion is without prejudice to Defendant's ability to raise similar arguments in a motion for summary judgment.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion to Dismiss Plaintiff's Amended Complaint, filed October 1, 2018, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as Plaintiff's FTCA claim is DISMISSED, and DENIED

15

insofar as the dismissal is WITHOUT PREJUDICE.  The Motion is also DENIED as to Plaintiff's TDY Travel claim.

Plaintiff is GRANTED leave to file a second amended complaint by **February 13, 2019**.  This Court CAUTIONS Plaintiff that, if he fails to file his second amended complaint by **February 13, 2019**, his FTCA claim will be dismissed with prejudice, and the case will proceed only as to Plaintiff's TDY Travel claim.  This Court also CAUTIONS Plaintiff that, if the second amended complaint fails to cure the defects in his FTCA claim that are identified in this Order, the claim may be dismissed with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 17, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KEVIN T. AUBART VS. HONORABLE MARK T. ESPER, SECRETARY OF THE ARMY; CIVIL 17-00611 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**