UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| KEVIN T. AUBART,<br><br>           Plaintiff,<br><br>  vs.<br><br>HONORABLE MARK T. ESPER,<br>SECRETARY OF THE ARMY,<br><br>           Defendant. | CIV. NO. 17-00611 LEK-KJM |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

        Before the Court is pro se Plaintiff Kevin T. Aubart's ("Plaintiff") Motion for Summary Judgment ("Motion"), filed on February 18, 2019. [Dkt. no. 57.] Defendant the Honorable Mark T. Esper, Secretary of the Army, in his official capacity ("Defendant"), filed his memorandum in opposition on May 3, 2019, and Plaintiff filed his reply on May 10, 2019. [Dkt. nos. 69, 71.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Plaintiff's Motion is hereby denied for the reasons set forth below.

**BACKGROUND**

        The factual and procedural background is set forth in this Court's January 17, 2019 Order Granting in Part and Denying

in Part Defendant's Motion to Dismiss ("1/17/19 Order"), [dkt. no. 52,[1]] and only facts relevant to the Motion will be repeated herein. In the 1/17/19 Order, this Court dismissed Plaintiff's claim based on the Federal Tort Claims Act, but permitted Plaintiff to proceed on his claim for reimbursement of travel expenses related to his temporary relocation from his alleged permanent duty station ("PDS") at Fort Shafter, to a temporary duty location ("TDY") at Schofield Barracks ("TDY Travel claim").[2] [1/17/19 Order at 15-16.] The TDY Travel claim is based on Plaintiff's allegation that, on February 2, 2017, he was instructed by Lieutenant Colonel Christopher Siegrist ("LTC Siegrist") to report to Schofield Barracks to perform his official duties, while his "fixed, permanent work location" at Fort Shafter was undergoing renovations. [Id. at 3 (citing Amended Complaint, filed 9/16/18 (dkt. no. 36), at pg. 2, ¶¶ 3-5).] Plaintiff alleges he reported to Schofield Barracks from February 26, 2017 through November 14, 2017, and his commute from his residence to Schofield Barracks was greater than his normal commute to Fort Shafter. [Amended Complaint at pg. 2, ¶ 6.] According to the Amended Complaint, in April 2017,

---

[1] The 1/17/19 Order is also available at 2019 WL 254659.

[2] Plaintiff alleges the specific location of his new duty station was Building 1500 at Schofield Barracks. [Amended Complaint at pg. 3, ¶ 7.]

2

Plaintiff requested a partial reimbursement for his travel to Schofield Barracks, which Defendant denied. [Id.]

Plaintiff then filed a claim with the Civilian Board of Contract Appeals ("CBCA"), seeking review of the denial of his travel reimbursement request ("CBCA Action"). See In the Matter of Kevin T. Aubart, 5718-TRAV, 2017 WL 4124347 (C.B.C.A. Sept. 11, 2017). On or about June 2, 2017,[3] United States Army Attorney Rachel Orejana ("USAA Orejana") filed the "Agency Response to Board Order Dated May 18, 2017" ("CBCA Agency Response") in the CBCA Action, which stated Plaintiff and other Regional Cyber Center – Pacific ("RCCP") employees were notified "that their official duty station would be changed." [Pltf.'s Concise Statement of Material Facts ("CSOF"), filed 4/8/19 (dkt. no. 66), at ¶ 13 (citing Exh. JJ (CBCA Agency Response) at 1,);[4] Def.'s counter concise statement of facts in supp. of Def.'s mem. in opp. ("Opp. CSOF"), filed 5/3/19 (dkt. no. 70), at ¶ 13 (admitting Pltf.'s ¶ 13).] USAA Orejana indicated that Plaintiff's travel claim was denied because Plaintiff was

---

[3] Plaintiff's Exhibit JJ states that it is "DATED: June 2, 1017," which appears to be a typographical error. [CSOF, Exh. JJ at 4.] Plaintiff's Exhibit JJ also does not contain page numbers, therefore all citations refer to the page numbers assigned in the district court's electronic case filing system.

[4] According to the CBCA Agency Response, USAA Orejana represented Robert M. Speer, Acting Secretary of the Army, Department of the Army in the CBCA Action. [CSOF, Exh. JJ at 1.]

3

traveling to his official duty station at Schofield Barracks. [CSOF at ¶ 13 (citing Exh. JJ at 1,); Opp. CSOF at ¶ 13 (admitting Pltf.'s ¶ 13).] LTC Siegrist submitted his declaration in the CBCA Action, stating that he had notified Plaintiff and other RCCP employees of the change to their official station. [CSOF at ¶ 13 (citing Exh. KK (Decl. of LTC Christopher Siegrist dated 6/2/17 ("LTC Siegrist Decl."))); Opp. CSOF at ¶ 13 (admitting Pltf.'s ¶ 13).] Specifically, the LTC Siegrist Declaration states that: "On or about February 10, 2017, [LTC Siegrist] notified [RCCP] employees, via written memorandum, that their official duty station would be changed for a period of approximately fourteen weeks and that their new duty station would be located at Building 1500 on Schofield Barracks, Oahu, Hawaii." [LTC Siegrist Decl. at ¶ 3.]

On November 9, 2019, Plaintiff initiated an appeal with the Merit Systems Protection Board ("MSPB") alleging the Department of the Army ("Agency") retaliated against him for his whistleblowing activity ("MSPB Action"). See Aubart, Kevin v. Dep't of the Army, SF-1221-19-0083-W-1, 2019 WL 917293 (M.S.P.B. Feb. 22, 2019). On February 11, 2019, USAA Orejana submitted an "Amended Agency Response" in the MSPB Action, in which she stated that she "never referred to a [permanent change of station ('PCS')] in the pleadings" before the CBCA. [CSOF at ¶ 14 (citing CSOF, Exh. LL (portions of untitled document signed

4

by USAA Orejana, dated 2/11/19 ("MSPB Agency Response")));[5] Opp. CSOF at ¶ 14 (admitting Pltf.'s at ¶ 14).]

In the instant Motion, Plaintiff argues he is entitled to summary judgment - presumably for his TDY Travel claim - based on the documents filed in the CBCA and MSPB Actions by USAA Orejana, and evidence that "[Regional Cyber Center – Pacific ('RCCP')] government contractors" were reimbursed for their mileage expenses and were subject to the same relocation of facilities as Plaintiff. [Motion at 1, 6.[6]] Defendant asserts Plaintiff's arguments lack merit, and that Plaintiff's station at Schofield Barracks is most accurately categorized as his temporary PDS while Fort Shafter was undergoing renovations.

---

[5] Plaintiff's Exhibit PEAA, which is attached to his Motion and not the CSOF, appears to be a complete copy of Exhibit LL.

[6] Plaintiff's Motion is unaccompanied by a memorandum in support of the Motion. See Local Rule LR56.1(a) ("A motion for summary judgment shall be accompanied by a supporting memorandum"). However, because of the liberal standard applied to pro se filings, this Court will construe Plaintiff's Motion as both his motion and supporting memorandum. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))). The Motion also does not contain page numbers, therefore all citations refer to the page numbers assigned in the district court's electronic case filing system.

5

**DISCUSSION**

I.  **Preliminary Matters**

It is well settled that "[o]nly admissible evidence may be considered in deciding a motion for summary judgment." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006) (citations omitted)). "Authentication is a 'condition precedent to admissibility,' and this condition is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773-74 (9th Cir. 2002) (footnotes omitted) (citing Fed. R. Evid. 901(a)). On the other hand, documents that are self-authenticating under Fed. R. Evid. 901(b) or 902 may be accepted. See Orr, 285 F.3d at 774. Further, "at the summary judgment stage, the court does not focus on the admissibility of the evidence's form, but instead focuses on the admissibility of its content." Surnow v. Buddemeyer, CIV. NO. 17-00038 JMS-RT, 2019 WL 2111508, at *4 n.4 (D. Hawai`i May 14, 2019) (citing Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003)).

Plaintiff did not attach his declaration or any other declaration to his CSOF to authenticate his exhibits. Plaintiff is pro se however, and the Court must liberally construe his filings. See Eldridge, 832 F.2d at 1137. The Court will

address each of Plaintiff's exhibits to provide guidance for future filings.

### A. **Exhibits EE, FF, GG, HH, II, OO, and PP**

Plaintiff's Exhibits EE, GG, HH, II, OO, and PP appear to be excerpts from the Joint Travel Regulations issued by the United States Department of Defense ("JTR").[7] Although not specifically identified, Exhibit FF also appears to be sections within 41 C.F.R. Chapter 301. Because these exhibits refer to federal regulations, it is not necessary for Plaintiff to submit them as exhibits and the Court will consider the rules cited therein.

### B. **Exhibits AA, CC, JJ, KK, and LL**

Defendant admits the material facts stated in Plaintiff's paragraphs 1, 3, 13, and 14 of the CSOF, and does not dispute the admissibility of Plaintiff's Exhibits AA, CC, JJ, KK, and LL submitted in support of those paragraphs. See Opp. CSOF at ¶¶ 1, 3, 13, 14. Exhibits AA and CC appear to be portions from the JTR and do not need authentication as stated in Section I.A. Exhibits JJ and KK are documents filed in the CBCA Action, and this Court may take judicial notice of the fact

---

[7] Exhibit EE appears to be an excerpt from Appendix I of the JTR (July 1, 2017); while Exhibits GG and HH appear to be excerpts from Appendix A, Exhibit OO appears to be an excerpt from Chapter 1, and Exhibits II and PP appear to be excerpts from Chapter 2 of the JTR (Sept. 1, 2017).

7

that those documents were filed.  Fed. R. Evid. 201(b)(2) (permitting courts to judicially notice a fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").  However, the Court cannot take judicial notice of the disputed issues therein.  See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) ("a court cannot take judicial notice of disputed facts contained in such public records" (citation omitted)). Exhibit LL contains only pages seven, twelve, and thirteen of a fifty-eight-page document, and does not have a case number, caption, document title, or any other information identifying that it is what Plaintiff suggests it is.  See CSOF at ¶ 14; id., Exh. LL.  Exhibit LL appears to be select pages of modified text from the MSPB Agency Response, which is Plaintiff's Exhibit PEAA attached to the Motion.[8]  After this Court instructed Plaintiff on March 4, 2019 to file a concise statement of facts in support of his Motion, see dkt. no. 64, Plaintiff should have submitted Exhibit PEAA with his CSOF.  See Local Rule LR56.1(h) ("Affidavits or declarations setting forth

---

[8] For example, text in Exhibit LL appears as: "**In fact, the undersigned *never* referred to a PCS in the pleadings";** [CSOF, Exh. LL at pg. 7 of 58 (emphasis in original);] while in Exhibit PEAA, only the word "never" is both in bold and italicized font.  See Motion, Exh. PEAA at pg. 7 of 58.

8

facts and/or authenticating exhibits, **as well as exhibits themselves, shall only be attached to the concise statement.**" (emphasis added)). Because Plaintiff is pro se and this Court must liberally construe his filings, and because Defendant did not object to Exhibits LL or PEAA, the Court will take judicial notice that Exhibits LL and PEAA were filed in the MSPB Action, see Fed. R. Evid. 201(b)(2), but cannot take judicial notice of any disputed facts therein.

C. **Exhibits BB and DD**

Plaintiff's Exhibit BB is a document titled "Request/Authorization for DOD Civilian Permanent Duty," but it is not clear who prepared the document, or whether it can be submitted under any other exception under Rules 901(b) or 902. If he intended to authenticate the document based on his own personal knowledge under Rule 901(b)(1), Plaintiff should have stated whether he "wrote it, signed it, used it, or saw others do so." See Orr, 285 F.3d at 774 n.8 (citation and quotation marks omitted). Nevertheless, the Court will consider the document because Plaintiff is pro se, and because Defendant did not specifically object to Exhibit BB. As for Exhibit DD, Plaintiff's CSOF states "[t]he RCCP Director LTC Siegrist . . . issued Plaintiff a memo dated 02/02/17 directing Plaintiff to perform a Temporary Duty at Schofield which Plaintiff signed." [CSOF at ¶ 5.] Exhibit DD is titled "MEMORANDUM FOR Record,"

9

dated February 2, 2017 ("2/2/17 Memorandum"), discusses the "Temporary Duty Relocation" from the "Regional Cyber Center Pacific (RCC-P), Fort Shafter, Hawaii to BLDG 1500 Schofield Barracks effective February 18, 2017," and contains the digital signature of Plaintiff, dated February 10, 2017. [CSOF, Exh. DD.] The Court is satisfied that Plaintiff is the proper party to authenticate Exhibit DD, and will consider the exhibit.

Again, Plaintiff should have complied with Local Rule 56.1, by attaching his declaration and exhibits to his CSOF; and Fed. R. Civ. P. 56(c)(4), by filing a declaration or affidavit setting forth the necessary information to render those exhibits admissible. Plaintiff is cautioned that, going forward, he must apply the Court's guidance to comply with the applicable rules and that his failure to do so may result in sanctions, including, but not limited to, the striking of the non-compliant documents. The Court now turns to the merits of Plaintiff's Motion.

## II. **Plaintiff's TDY Travel Claim**

The gravamen of the Motion is that new statements by USAA Orejana in the CBCA and MSPB Actions confirmed that Plaintiff was never issued a PCS to Schofield Barracks, and Defendant never intended Schofield Barracks to become Plaintiff's permanent duty station. Plaintiff argues his

10

relocation must therefore be a TDY.[9]  In support of his position, Plaintiff argues USAA Orejana's statements "never referred to a PCS," and "[t]here was absolutely no mention of any 'permanent change of station' or 'PCS' by LTC Siegrist or [USAA Orejana]." [CSOF at ¶ 14; Exhibit LL at 7 of 58, 12 of 58.]  He also argues the 2/2/17 Memorandum reinforces USAA Orejana's statements. [CSFO, Exh. DD.]

In considering Plaintiff's Motion, this Court must view the evidence in the light most favorable to Defendant.  See Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (citation omitted).  Although Defendant admits there is no genuine issue of material fact that USAA Orejana's and LTC Siegrist's statements were made and filed in the CBCA or MSPB Actions, even if admissible, it is not entirely clear how these statements would meet Plaintiff's burden on summary judgment to establish that his assignment to Schofield Barracks was a TDY.  Under the JTR, the following criteria must be met before the Authorizing/Order Issuing Official ("AO") determines that an assignment is a TDY, and not a temporary change of

---

[9] Plaintiff's argument that other government contractors' receipt of payment for "TDY travel" for the same assignment to Schofield Barracks as Plaintiff is evidence that Plaintiff's move was also a TDY, is disregarded because it is not supported by any evidence in the record.  See Motion at 6; Fed. R. Civ. P. 56(c)(1).

station ("TCS") or permanent change of station ("PCS") move:[10] "(1) The duties to be performed are temporary in nature, (2) The assignment is for a reasonable time duration, and (3) TDY costs are lower than round trip TCS or PCS expenses." JTR, Ch. 2, Pt. C at ¶ 2230.[11] Further, "[t]he 'temporary' designation of an employee's duty station on an order is not necessarily controlling," and "[l]ong-term TDY should not exceed 180 consecutive days" except when authorized. Id.

The 2/2/17 Memorandum states Plaintiff's temporary relocation from Fort Shafter to Schofield Barracks would last approximately fourteen weeks, even though it began on February 26, 2017 and ended on November 14, 2017. If the Court were to solely consider the time frame in the 2/2/17 Memorandum, an argument could be made that fourteen weeks is "a reasonable time duration." See JTR at ¶ 2230(A)(2)(a)(2). Even so, Plaintiff has submitted no evidence that the duties he performed

---

[10] The AO is the "official who directs travel and has responsibility for the funding." JTR, App. A ("JTR Appendix A"). A TCS is the "relocation of an employee to a new PDS for a temporary period to perform a long-term temporary assignment, and subsequent return of the employee to the previous PDS after assignment completion." Id. In general, a PCS is the "assignment, detail, or transfer of an employee, member, or unit to a different PDS under a competent travel order that does not specify the duty as temporary, provide for further assignment to a new PDS, or direct return to the old PDS." [Id.] The JTR Appendix A is also available at 2016 WL 3194324.

[11] Paragraph 2230 of the JTR is also available at 2012 WL 1382709.

at Schofield Barracks were "temporary in nature," nor has he submitted any information relating to the actual costs of his alleged TDY, and if it is lower than "round trip TCS or PCS expenses." See id. at ¶ 2230(A)(2)(a)(3). As a threshold matter, Plaintiff's Motion fails to establish that Schofield Barracks was a TDY, and therefore Plaintiff cannot show there are no genuine issues of material fact that he is entitled to reimbursement at this time. See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

      Plaintiff also appears to argue that, if Schofield Barracks was Plaintiff's PDS, albeit temporarily, the JTR requires a PCS order to be issued. He asserts no PCS order was issued, while Defendant argues the 2/2/17 Memorandum should be construed as authorizing a change in Plaintiff's permanent duty station since Plaintiff was told he would be performing the same job functions, and his move exceeded the 180-day period permitted under a TDY. The parties apparently dispute the effect the 2/2/17 Memorandum had on Plaintiff's relocation to Schofield Barracks. The CBCA instructs that circumstances, not written orders, determine whether an employee's duty station is temporary or permanent:

> "An employee's PDS is where an employee spends, and is expected to spend, the most time." JTR C4430 A 3. Further, in John P. DeLeo, GSBCA 14042-TRAV, 97-2 BCA ¶29, 156, our predecessor board in deciding these matters, the General Services Board of Contract Appeals, stated:
>
>> The General Accounting Office (GAO), which formerly resolved the travel claims of government employees, decided that whether a duty station is temporary or permanent is a question of fact and is determined by where an employee expects and is expected to spend the greater part of his time. . . . **GAO was less interested in the paper trail created by the agency and the employee, and more interested in the facts establishing where the employee was expected to spend the greater part of his time performing his duties**. The Department of Defense uses GAO's rationale in order to determine whether a post of duty is temporary. JTR 4455-A. GAO's approach has merit, and we will use it in this case.
>
> Id. at 144,999 (citations omitted).

In the Matter of Audrey Roberts, CBCA 2230-TRAV, 2011 WL 2602348 (C.B.C.A. June 21, 2011) (emphasis added). There are genuine issues of material fact as to: where Plaintiff was expected to spend a majority of his time; what specific duties Plaintiff performed at Schofield Barracks; and whether Plaintiff's duties at Schofield Barracks differed from his duties at Fort Shafter.[12] Further, as Defendant concedes, Plaintiff's relocation to

---

[12] The parties disagree whether Plaintiff performed the same duties at Schofield Barracks as he did at Fort Shafter, but no party has submitted any admissible evidence explaining what Plaintiff's duties were at each location, or how it did or did not differ.

14

Schofield Barracks "does not fall neatly under the PCS or TCS tests set forth under the JTR."  [Mem. in Opp. at 13.]

Accordingly, Plaintiff has not met his burden in establishing there are no genuine issues of material fact that his relocation to Schofield Barracks was a TDY.  Plaintiff's Motion is therefore denied as to his TDY Travel claim.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Summary Judgment, filed February 18, 2019, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, June 28, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KEVIN T. AUBART VS. MARK T. ESPER, SECRETARY OF THE ARMY; CV 17-00611 LEK-KJM; ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

15