UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| KEVIN T. AUBART,<br><br>        Plaintiff,<br><br>  vs.<br><br>RYAN MCCARTHY, ACTING SECRETARY OF THE ARMY;<br><br>        Defendant. | CIV. NO. 17-00611 LEK-KJM |

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On June 18, 2019, Defendant the Honorable Mark T. Esper, Secretary of the Army ("Defendant"), filed his Motion for Summary Judgment ("Motion"). [Dkt. no. 73.] Pro se Plaintiff Kevin T. Aubart ("Plaintiff") filed his memorandum in opposition on June 29, 2019, and Defendant filed his reply on July 19, 2019.[1] [Dkt. nos. 78, 86.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Defendant's Motion is hereby granted for the reasons set forth below.

### BACKGROUND

---

[1] Defendant's reply was filed by Ryan McCarthy, who is currently the Acting Secretary of the Army, and has replaced Mark T. Esper. See reply at 1.

The factual and procedural background is set forth in this Court's June 28, 2019 Order Denying Plaintiff's Motion for Summary Judgment ("6/28/19 Order"). [Dkt. no. 77 at 1-5.[2]] Only facts relevant to the Motion will be repeated herein. Plaintiff's sole remaining claim in this action is his demand that Defendant reimburse his travel expenses related to Plaintiff's temporary relocation from his alleged permanent duty station ("PDS") at Building 520 at Fort Shafter ("Fort Shafter"), to his temporary duty location ("TDY") at 1500 at Schofield Barracks ("Schofield Barracks" and collectively "TDY Travel claim"). See Order Granting in Part and Denying in Part Def.'s Motion to Dismiss, filed 1/17/19 (dkt. no. 52) ("1/17/19 Order"), at 15-16.[3]] The TDY Travel claim is based on Plaintiff's allegation that, in February 2017, he was instructed by Lieutenant Colonel Christopher Siegrist ("LTC Siegrist") to report to Schofield Barracks to perform his official duties, while his "'fixed, permanent work location'" at Fort Shafter was undergoing renovations. [Id. at 3 (citing Amended Complaint, filed 9/16/18 (dkt. no. 36), at pg. 2, ¶¶ 3-5)).]

The parties do not dispute that Plaintiff is a civilian employee working for the United States Department of

---

[2] The 6/28/19 Order is also available at 2019 WL 2717767.
[3] The 1/17/19 Order is also available at 2019 WL 254659.

the Army ("Agency"), and he is assigned to the Regional Cyber Center – Pacific group ("RCCP") at Fort Shafter, Hawai`i. [Def.'s concise statement of facts in supp. of Motion ("CSOF"), filed 6/18/19 (dkt. no. 74), at ¶ 1 (citing Amended Complaint at ¶¶ 1-5); Mem. in opp. at pgs. 10-11 of 14 (Pltf.'s concise statement of facts ("Opp. CSOF")) at ¶ 1 (admitting Def.'s ¶ 1).[4]] On or about February 10, 2019, the director of the RCCP notified employees at the RCCP that their official duty station would be changed from Building 520 at Fort Shafter, to Building 1500 at Schofield Barracks, due to renovations at Fort Shafter. CSOF at ¶ 2; Opp. CSOF at pg. 10, ¶ 1 (admitting receipt of written notification, but disputing that the term "official station" was used);[5] see also Amended Complaint at pg. 2, ¶ 4 ("On 2 February 2018, LTC Siegrist, . . . issued a signed memorandum . . . to RCCP employees, including Plaintiff, directing the employees to travel to a 'temporary duty' (TDY) location at Building 1500 on Schofield Barracks to perform duties for about 14 weeks while their office building was being renovated with an anticipated return to Fort Shafter.").

---

[4] Plaintiff's Opposition CSOF is a part of his memorandum in opposition to the Motion, and is located at pages 10 and 11, while the memorandum in opposition is located at pages 1-10 and 11-13. This is the first of two paragraphs numbered "1" in Plaintiff's Opposition CSOF.

[5] This is the second of two paragraphs numbered "1" in Plaintiff's Opposition CSOF.

LTC Siegrist issued the Memorandum for Record, dated February 2, 2017 ("2/2/17 Memorandum"), which stated in pertinent part:

> 1. This memorandum is to inform you of a temporary change in your duty station from the Regional Cyber Center Pacific [(RCCP)], Fort Shafter, Hawaii to BLDG 1500 Schofield Barracks effective February 18, 2017.
>
> 2. The [RCCP] will undergo major renovations within the office and building. As a result, you will be temporarily reassigned to BLDG 1500 Schofield Barracks, where you will continue to perform the same essential job functions that you now perform. We anticipate the completion in 14 weeks and will provide you sufficient notice in returning to Fort Shafter.

[CSOF, Decl. of LTC Christopher Siegrist ("Siegrist Decl."), Exh. 1 at 2 of 7 (2/2/17 Memorandum).[6]]

The parties agree that the distance between Fort Shafter and Schofield Barracks is 19.1 miles. [CSOF at ¶ 3; Opp. CSOF at pg. 10 (admitting Def.'s ¶ 3).] Despite the anticipated time frame described in the 2/2/17 Memorandum, RCCP employees reported to work at Schofield Barracks from

---

[6] Exhibit 1 consists of multiple documents that are not consecutively paginated; therefore all citations refer to the page numbers assigned by the district court's electronic case filing system. Exhibit 1 also contains five additional pages of various emails between the dates of January 26, 2017 and April 26, 2017, which were not identified in the Siegrist Declaration, nor are they admissible as self-authenticating documents under Fed. R. Evid. 902. See Orr v. Bank of Am., NT & SA, 285 F.3d 764, 774 (9th Cir. 2002). For the reasons stated in the 6/28/19 Order, the Court will not consider pages 3-7 of 7 of Exhibit 1. See 6/28/19 Order at 6 (citing Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006)).

February 18, 2017 through November 14, 2017, and were not allowed to work in Building 520 at Fort Shafter during the renovation. [CSOF at ¶¶ 4, 6; Opp. CSOF at pg. 11 (admitting Def.'s ¶ 4).[7]] During this time, Plaintiff and other RCCP employees performed the same essential job duties at Schofield Barracks that they were required to perform at Fort Shafter. See reply, Decl. of Scott Chilson ("Chilson Decl.") at ¶¶ 4, 8.[8] Since August 7, 2016, Plaintiff held the job title of "SUPV IT SPECIALIST (CUSTSPT/INFOSEC)," which is otherwise known as the "ARC (Action Request Center) Supervisor." [Chilson Decl. at ¶ 6.] Plaintiff's current direct supervisor, RCCP Deputy Director Scott Chilson,[9] see id. at ¶¶ 1, 5, stated that he was

---

[7] Plaintiff's Opposition CSOF states that "Plaintiff agrees" to "the time period of February 10, 2017 through November 14, 2017," see Opp. CSOF at pg. 11, ¶ 4, while the Defendant's CSOF states "February 18, 2017 through November 14, 2017." CSOF at ¶ 4. Plaintiff's Opposition CSOF appears to have a typographical error given that Plaintiff does not dispute Defendant's material fact in paragraph 4.

[8] Plaintiff sought leave of court to file additional evidence to contest the veracity of the statements in the Chilson Declaration, however he has not filed any documents by the deadline provided by this Court. See EO: Court Order Regarding Pltf.'s Motion for Leave of Court, filed 7/30/19 (dkt. no. 89) (granting Plaintiff leave to file a surreply by August 6, 2019).

[9] Scott Chilson has held the position of Deputy Director of the RCCP since January 1, 2019. [Chilson Decl. at ¶ 1.] Prior to January 2019, he was the Chief of the Defensive Cyberspace Operations Division at RCCP from April 20, 2013 to December 31, 2018. [Id. at ¶ 2.]

5

"unaware of any changes to [Plaintiff's] job duties since he assumed his current position in August 2016, including either before, during or after the move to Schofield Barracks." [Id. at ¶ 8.]

Defendant submits that Plaintiff's mileage reimbursement request was denied because Plaintiff's commute to Schofield Barracks was between his home and his official duty station, which is considered personal business and not subject to mileage reimbursement. [CSOF at ¶ 7 (citing Siegrist Decl. at ¶ 9).] Plaintiff disputes the basis of Defendant's denial of his reimbursement request based on his assertions that the "Army lied" and that Plaintiff's official duty station never changed from Fort Shafter. [Opp. CSOF at pg. 11, ¶ 7.]

In the instant Motion, Defendant argues he is entitled to summary judgment for the following reasons: 1) the Agency has the discretion to classify Plaintiff's change of workplace as a new duty station, pursuant to the Joint Travel Regulations ("JTR") and relevant administrative agency case law; 2) Plaintiff would not be eligible for mileage reimbursement under either a Permanent Change of Station ("PCS") or Temporary Change of Station ("TCS"); 3) Plaintiff's travel to Schofield Barracks does not qualify as work travel; and 4) in the alternative, even if Plaintiff's commute to Schofield Barracks was travel to his TDY, mileage reimbursement is discretionary,

6

therefore, there is no money-mandating statute that would trigger this Court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a), through the Little Tucker Act, 28 U.S.C. § 1346(a)(2).

**DISCUSSION**

I. **Plaintiff's Permanent Duty Station**

Defendant has consistently argued the 2/2/17 Memorandum should be construed as changing Plaintiff's permanent duty station from Fort Shafter to Schofield Barracks, albeit, temporarily. See, e.g., 6/28/19 Order at 13 (noting Defendant's argument that the 2/2/17 Memorandum "should be construed as authorizing a change in Plaintiff's permanent duty station"). As explained in prior orders in this action:

> The Civilian Board of Contract Appeals ("CBCA") stated:
>
>> An agency has discretion to determine how to treat an assignment, i.e., a permanent change of duty station or a temporary duty assignment. Whether assignment to a particular station is temporary or permanent is a question of fact to be determined from the orders directing the assignment, the duration of the assignment, and the nature of the duties performed. Another factor to consider is the location where an employee expects, and is expected, to spend the greater part of his time.
>
> [In re Conforti, 828-TRAV, 2007 WL 3055016 (C.B.C.A. Oct. 3, 2007)] (internal citation omitted). . . .

7

[Order Granting in Part and Denying in Part Def.'s Motion to Dismiss, or in the Alternative, for Summary Judgment, filed 8/30/18 (dkt. no. 33) ("8/30/18 Order"), at 10.[10]]

>> The papers processed by an agency are not conclusive proof of an employee's official station of employment. See Tracy Jones, GSBCA 15659-TRAV, 02-1 BCA ¶ 31,687 (2001). A duty station is determined from the surrounding circumstances of an employee's hiring and work situation. Robert L. Shotwell, CBCA 1887-TRAV, 10-2 BCA ¶ 34,514; Michael A. Stirber, CBCA 1271-TRAV, 08-2 BCA 134,006. An important factor to be considered is the parties' expectations as to where the employee will spend the greater part of his time. Id.; John P. DeLeo, GSBCA 14042-TRAV, 97-2 BCA ¶ 29,156. How the agency and the employee treated the assignment at the time it was made is especially important. Gerard R. Sladek, GSBCA 14145-TRAV, 98-1 BCA ¶ 29,403 (1997).
>
> In the Matter of Jeffrey E. Koontz, 3251-TRAV, 2013 WL 2283346 (C.B.C.A. May 17, 2013).

1/17/19 Order at 13; see also In the Matter of Audrey Roberts, CBCA 2230-TRAV, 2011 WL 2602348 (C.B.C.A. June 21, 2011) (noting the General Accounting Office, which formerly resolved travel claims of government employees, was "less interested in the paper trail created by the agency and the employee, and more interested in the facts establishing where the employee was expected to spend the greater part of his time performing his duties" (citation omitted)).

---

[10] The 8/30/18 Order is also available at 2018 WL 4168997.

There is no dispute that Plaintiff received and acknowledged receipt of the 2/2/17 Memorandum. See CSOF, Exh 1; Opp. CSOF at pg. 10, ¶ 1.[11] The parties agree that Plaintiff and other RCCP employees affected by the 2/2/17 Memorandum reported to work and completed their assigned duties at Building 1500 at Schofield Barracks from February 18, 2017 to November 14, 2017. Plaintiff does not dispute that the RCCP employees, including Plaintiff, were not required to travel back and forth between Schofield Barracks and any other work sites, and employees were not able to work in Building 520 at Fort Shafter while it was undergoing renovations. [CSOF at ¶¶ 5-6; Opp. CSOF at pg. 11 (not responding to Def.'s ¶ 5, and admitting Def.'s ¶ 6).] Although the 2/2/17 Memorandum indicated the renovations would take fourteen weeks, due to unanticipated delays, the work was not completed until November 10, 2017. [Siegrist Decl. at ¶ 4.] Finally, Plaintiff has not submitted any evidence to raise a genuine issue of material fact that he did not perform the same essential duties at Fort Shafter as he did at Schofield

---

[11] Exhibit 1, which is a copy of the 2/2/17 Memorandum, does not contain Plaintiff's signature; however, Plaintiff does not challenge the authenticity of Exhibit 1, and only disputes that the 2/2/17 Memorandum does not contain the phrase "official station" anywhere in the document, and "there is nothing to indicate a PCS." See Opp. CSOF at pg. 10, ¶ 1. Plaintiff's Opposition CSOF further states that "**Plaintiff signed the document**," but with a different understanding of how the 2/2/17 Memorandum altered his duty station. Id. (emphasis added).

9

Barracks. See Chilson Decl. at ¶¶ 4, 8; see discussion *supra*, note 8.

Plaintiff argues that his understanding of the 2/2/17 Memorandum was "that the assignment was a temporary duty which was consistent with how the assignment was treated by employees and management before and during the assignment." [Opp. CSOF at pg. 10, ¶ 1 (Plaintiff's second paragraph "1" in Opp. CSOF).] Plaintiff contends that, at all relevant times, his permanent duty station was never changed from Fort Shafter. He argues that Defendant fails to recognize the difference between an "official place of duty" and an "official station," and that both a TDY and an "official station" constitute an "official place of duty" or "duty station." [Mem. in opp. at 5-6 (emphasis omitted).] Because the 2/2/17 Memorandum omitted the word "official" when directing the RCCP employees that their duty stations would be changed to Schofield Barracks, he appears to argue his official or permanent duty station was never changed. Finally, Plaintiff submits his declaration stating that he attended the RCCP relocation planning meetings held by LTC Siegrist, and at no time was there mention of a permanent change of station, and "RCCP Managers never discussed, treated or intended for the Schofield assignment to be anything but a temporary assignment and that is how we conveyed it to our employees." [Pltf.'s Motion to Admit Exh. PE-OO and PE-PP into

the Record, filed 7/14/19 (dkt. no. 84) ("Motion to Admit"), Exh. PE-PP ("Pltf. Decl.") at ¶ 3.[12]

First, Plaintiff's declaration does not create a genuine issue of material fact as to how the 2/2/17 Memorandum was treated at the time it was issued. The Ninth Circuit has stated:

> Self-serving affidavits may be cognizable on motions for summary judgment if they go beyond conclusions and include facts that would be admissible in evidence, see United States v. Shumway, 199 F.3d 1093, 1103–04 (9th Cir. 1999), but "a conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact," FTC v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997); see also Rodriguez v. Airborne Express, 265 F.3d 890, 902 (9th Cir. 2001) (summary judgment inappropriate where plaintiff set forth facts directly relevant to claim with "great specificity"); McLaughlin [v. Liu], 849 F.2d [1205,] 1206 [(9th Cir. 1988)] (nonmoving party survived summary judgment where he relied on sworn affidavit that included specific factual averments, sworn answers to interrogatories, and payroll documentation supporting his factual allegations).

Burchett v. Bromps, 466 F. App'x 605, 607 (9th Cir. 2012). Other than stating he attended relocation planning meetings prior his assignment to Schofield Barracks, Plaintiff neither identifies any particular individuals with whom he had

---

[12] The Motion to Admit was granted on July 16, 2019. [EO: Court Order Regarding "Pltf.'s Motion for Summary Judgment," Filed on July 14, 2019, dkt. no. 85.]

11

discussions about the relocation, nor does he identify any supporting evidence that would corroborate his assertion that "RCCP Managers never discussed, treated or intended" the assignment to Schofield Barracks to be anything other than temporary. [Pltf.'s Decl. at ¶ 3.] Because Plaintiff's declaration lacks "detailed facts and any supporting evidence," it cannot create a genuine issue of material fact. See FTC, 104 F.3d at 1171. Defendant, on the other hand, has submitted evidence that LTC Siegrist distributed the 2/2/17 Memorandum to notify the RCCP employees "that their official duty station would be changed from Building 520 at Fort Shafter to Building 1500 on Schofield Barracks." [Siegrist Decl. at ¶ 4.] Indeed, the 2/2/17 Memorandum states that the RCCP employees' duty station would be changed, and that they were being "temporarily reassigned" to Schofield Barracks. [Siegrist Decl., Exh. 1.] During this renovation period, Plaintiff was not expected to return to Fort Shafter for any reason, and could not do so either given that Building 520 at Fort Shafter was undergoing renovations. [Siegrist Decl. at ¶¶ 6, 8.]

Second, aside from his personal interpretation of the 2/2/17 Memorandum, there is no admissible evidence proved that raises a genuine issue of material fact contesting Defendant's evidence, that: the 2/2/17 Memorandum changed his duty station from Fort Shafter to Schofield Barracks; Schofield Barracks was

the only duty station Plaintiff reported to between February 18, 2017 and November 14, 2017; and Plaintiff continued to perform the same essential job duties. He neither "cit[es] to particular parts of materials in the record," nor "show[s] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." See Fed. R. Civ. P. 56(c)(1)(A)-(B). Although Plaintiff contends that the 2/2/17 Memorandum was treated as ordering a temporary duty assignment "by employees and management before and during the assignment," there is a lack of any particular materials or evidence to support his assertion, other than his personal belief. See Opp. CSOF at pg. 10, ¶ 1 (Plaintiff's second paragraph "1" in Opp. CSOF); Rule 56(c)(1)(A).

Third, it is not dispositive that the papers processed in connection with Plaintiff's relocation do not perfectly document the events that took place. See Koontz, 2013 WL 2283346 ("The papers processed by an agency are not conclusive proof of an employee's official station of employment." (citation omitted)). While the Court agrees that the 2/2/17 Memorandum could have been drafted with greater clarity, the "surrounding circumstances of [Plaintiff's] hiring and work situation," see id. (citations omitted), and the undisputed evidence that Plaintiff performed the same duties at Schofield

13

Barracks between February 18, 2017 and November 14, 2017, which he performed at Fort Shafter, indicate that Plaintiff's permanent duty station was Schofield Barracks, while Fort Shafter was being renovated.  Plaintiff does not dispute that he was expected to, and did spend, most if not all of his time at Schofield Barracks to perform his duties, during the relevant time frame.  See Roberts, 2011 WL 2602348 ("An employee's PDS is where an employee spends, and is expected to spend, the most time." (citation and quotation marks omitted)).  Even though he asserts his duties were performed "in a temporary office at Building 1500, in a temporary space with borrowed furniture and equipment," and that RCCP employees "left [their] non-essential furniture and other property in storage rooms at Fort Shafter," it is clearly established by the evidence that all of Plaintiff's work during the renovation period was completed at Schofield Barracks.  See Pltf. Decl. at ¶ 5; Koontz, 2013 WL 2283346 ("An important factor to be considered is the parties' expectations as to where the employee will spend the greater part of his time." (citation omitted)).

This Court has viewed the evidence in the light most favorable to Plaintiff,[13] and concludes that he has agreed with,

---

[13] On a motion for summary judgment, the court must "view[] the facts in the light most favorable to the nonmoving party." Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013).

or has not provided contrary evidence to, the majority of Defendant's factual assertions. This undisputed record supports the conclusion that Plaintiff's permanent duty station was changed from Fort Shafter to Schofield Barracks, for the period of February 18, 2017 through November 14, 2017. Summary judgment is therefore granted in favor of Defendant with regard to his argument that the Agency properly characterized Plaintiff's relocation to Schofield Barracks as a change of Plaintiff's permanent duty station.

## II. Mileage Reimbursement

"It is well settled that an employee who is engaged in commuting between his or her residence and official duty station is performing personal business, not official business, for the Government, and the employing agency will not pay the transportation costs that the employee incurs while commuting." Conforti, 2007 WL 3055016 (citing Freddie G. Fenton, GSBCA 13638-TRAV, 97-1 BCA If 28,712 (1996)). Because there is no genuine issue of material fact that Schofield Barracks was Plaintiff's permanent duty station, Plaintiff is not entitled to reimbursement for the transportation costs incurred while Plaintiff used his personal vehicle to commute from his personal residence to Schofield Barracks. In light of the determination that the Agency effectively changed Plaintiff's official duty station, albeit temporarily, and Plaintiff is not entitled to

any recovery on his TDY Claim, Defendant's alternative arguments need not be addressed.  Summary judgment is therefore granted in favor of Defendant as to Plaintiff's TDY Claim.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion for Summary Judgment, filed June 18, 2019, is HEREBY GRANTED as to Plaintiff's TDY Claim.  There being no other claims remaining in this case, the Clerk's Office is DIRECTED to enter final judgment in favor of Defendant and close the case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, August 19, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KEVIN T. AUBART VS. RYAN MCCARTHY, ACTING SECRETARY OF THE ARMY; CIVIL 17-00611 LEK-KJM; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**